### GUINN v. JAMES et al. (No. 7003.)*

(Court of Civil Appeals of Texas. San Antonio. Oct. 31, 1923. Rehearing Denied Dec. 5, 1923.)

Corporations &#9758;121(7)—Verdict for amount of unpaid claims proper, though part of selling price of stock deposited for satisfying claims.

In a suit based on a contract of sale of corporate stock by defendant to plaintiffs, where defendant agreed to pay off and discharge certain claims within five months, or failing so to do, to pay to plaintiffs a sum equal to the aggregate of such claims as then remained unsatisfied, and part of the purchase price, pursuant to contract, was deposited for five months, and might be resorted to for payment and satisfaction of claims against corporation, a verdict for the aggregate sum of unpaid claims was proper, when defendant admitted that he had not paid them off; and it was no defense to payment of the claims so far as plaintiffs were concerned that some of them might have been defeated by pleas of limitation.

Appeal from District Court, Bexar County; Robt. W. B. Terrell, Judge.

Action by R. R. James and another against J. D. Guinn. From a judgment for plaintiffs, defendant appeals. Affirmed.

A. G. McNeill, of San Antonio, for appellant.

Eskridge & Williams, of San Antonio, for appellees.

FLY, C. J. This is an appeal from a judgment for $890.83, founded on a verdict rendered in response to an instruction given by the trial court, against appellant, and in favor of appellees R. R. James and D. H.

Echols. The suit was based on a contract whereby appellant sold and transferred to appellees the entire capital stock of the International Coal Mines Company, for $100,000, of which $95,000 was in cash, and there was deposited to the joint account of appellant and Frank R. Williams, attorney for appellees, in a San Antonio bank, the sum of $5,000, to remain on deposit for five months, unless expended on certain claims due by the company to various parties. In regard to these debts, aggregating $1,000, appellant contracted as follows:

"I agree to pay off and discharge and furnish the said James and Echols with written evidence of such payment and discharge of said claims within five months from this date or, failing so to do, to pay into the hands of said James and Echols for that purpose a sum of money equal to the aggregate of such of said claims as may then remain unsatisfied."

The contract proceeded as follows:

"Said sum of $5,000 so deposited to the joint credit of myself and the said Frank R. Williams shall remain so deposited for a period of five months from this date and said sum may be resorted to for the payment and satisfaction of claims against the International Coal Mines Company now existing, except such as may have been made by the said James and Echols. But it is distinctly understood and I agree that the said $5,000 shall not be the limit of my liability on such claims, but that my guarantee that said company is free from indebtedness is without limitation (save as to certain bonds of said company now held by the said James and Echols and described in the deed of trust hereinafter mentioned, and for which it is expressly understood that I am not liable), and I agree to defend or pay or to defend and pay any and all claims of any kind or character against the International Coal Mines Company or against one L. B. Leighton, as receiver of said company, that now exist, except such, if any, incurred by the said James and Echols. Provided, however, that I shall be given prompt notice of the presentation of any such claims, should any be presented, and that I have a reasonable time to settle the same as well as an opportunity to defend, in the name of the company, any action that may be brought thereon and to present any lawful defense thereto that the International Coal Mines Company might have thereto. It being a part of my undertaking in this transaction to hold said company harmless in so far as any and all claims aforesaid against said company or said receiver thereof are concerned."

There can be no doubt that appellant promised to pay off and discharge the claims, which were listed, aggregating the sum of $1,000, and he admitted that he had not paid off or discharged certain of the claims amounting in the aggregate to $890.83, the amount of the instructed verdict. No other matters could be of any importance under the circumstances. The contract bound ap-

pellant to the payment of the claims and he did not pay them, and it would seem that there is no room for controversy. It was no defense to payment of the claims, so far as appellees were concerned, that some of them might have been defeated by pleas of limitation.

The court did not hold that a claim for $320.30, held by the Lyman Drug Company, should be included as a claim against appellant, although appellant had paid it. It was not included in the judgment.

Payment of the claims and not receipts for the same was made the test of appellant's liability. The assignments of error are all overruled.

The judgment is affirmed.