**GUINN v. JAMES et al.**   (No. 606—4096.)

(Commission of Appeals of Texas, Section A. Jan. 14, 1925.)

**1. Corporations ☞121(7) — Damages for breach of contract of seller of total corporate stock to pay outstanding debts measured by amount of debts unsatisfied.**

Where defendant on sale of total capital stock of corporation agreed to pay off and discharge certain claims within five months, or failing so to do to pay to buyers a sum equal to the aggregate of unsatisfied claims, the buyer's measure of damages for breach of agreement was the amount of debts unsatisfied, whether such debts were paid before or after expiration of five months' period.

**2. Corporations ☞121(5)—Purchaser of total corporate stock has burden to show failure of seller to pay claims as agreed and exclusion of evidence of payment error.**

Where defendant on sale of total capital stock of corporation agreed to pay off and discharge certain claims within five months, or failing so to do to pay to buyers a sum equal to the aggregate of unsatisfied claims, buyers suing on agreement had burden to show such debts unpaid and that company was liable, or had been required to pay them, and the exclusion of evidence of payment was error.

Error to Court of Civil Appeals of Fourth Supreme Judicial District.

Action by R. R. James and another against J. D. Guinn. Judgment for plaintiffs was affirmed by the Court of Civil Appeals (256 S. W. 325), and defendant brings error. Reversed and remanded.

A. G. McNeill, of San Antonio, for plaintiff in error.

Eskridge & Williams, of San Antonio, for defendants in error.

BISHOP, J. Defendants in error R. R. James and D. H. Echols filed suit against plaintiff in error, J. D. Guinn, in the district court of the Seventy-Third District of Bexar county. Their original petition on which the case was tried alleges the cause of action as follows:

"That heretofore, to wit, on or about the 22d day of December, A. D. 1919, these plaintiffs purchased from said defendant the total capital stock of the International Coal Mines Company, a Texas corporation, paying therefor the sum of one hundred thousand ($100,000.00) dollars cash. That at the time of the delivery of the certificates covering the shares of stock so purchased by plaintiffs, said J. D. Guinn executed a written transfer and assignment of said stock, a true copy of which is marked 'Exhibit A' and made a part hereof for all purposes.

"That prior to the execution of said written transfer and assignment next above referred to, said defendant delivered to F. R. Williams, as attorney for said James and Echols, a list of claims due and owing by said International

Coal Mines Company, a true copy of which is marked 'Exhibit B' and attached hereto for all purposes. That under and by the terms of said written transfer and assignment said Guinn bound himself to pay off and discharge, and furnish to the said James and Echols written evidence of such payment and discharge, all claims mentioned on said list, within a period of five (5) months from said 22d day of December, A. D. 1919, or failing so to do to pay into the hands of said James and Echols a sum of money equal to the aggregate of such of said claims as might then remain unsatisfied.

"That certain of said claims were paid and satisfied by the said Guinn, and written evidence of such payment and satisfaction furnished to these plaintiffs, but of said claims so listed the following were not paid by the said Guinn or written evidence of such payment furnished to plaintiffs, to wit:

| | |
|---|---:|
| Alden & Co. | $ 9 00 |
| Armour & Co. | 30 00 |
| Burroughs Adding Machine Company | 5 00 |
| Beall Bros. | 25 00 |
| Gulf Refining Company | 86 47 |
| Illinois Supply Company | 3 57 |
| Lyman Drug Company | 320 30 |
| Panama Vinegar Company | 10 15 |
| Roth-Meyer Coffee Company | 7 41 |
| San Antonio Express | 11 00 |
| The Texas Company (Eagle Pass) | 75 00 |
| Trueba Bros. | 56 26 |

—aggregating the sum of six hundred thirty-nine and 16/100 ($639.16) dollars.

"That, in addition to the claims next above listed, there was at the time of transfer of said stock then due and owing by said International Coal Mines Company the following items:

| | |
|---|---:|
| Franchise tax and penalty to January 1, 1920, due to the state of Texas | $251 67 |
| Oriental Oil Company | 92 03 |
| The Black Diamond, a publication | 20 00 |
| Rio Grande Irrigation Company | 15 00 |

—aggregating the sum of three hundred seventy-eight and 70/100 ($378.70) dollars.

"That under the further provisions of said written transfer, dated December 22, 1919, said Guinn bound and obligated himself and promised to pay all of said claims next above mentioned. That plaintiffs have paid said sum of two hundred fifty-one and 67/100 ($251.67) dollars, and have paid the said Rio Grande Irrigation Company the sum of fifteen ($15.00) dollars, and the said company is liable for the remaining accounts above stated.

"That though said five months period provided for in said written instrument dated December 22, 1919, has long since elapsed, said J. D. Guinn has wholly failed and refused, and still fails and refuses, to pay over to said plaintiffs the aggregate of said claims found on said list of claims set out in 'Exhibit B' aggregating six hundred thirty-nine and 16/100 ($639.16) dollars, and has further failed and refused to reimburse plaintiffs for expenditures made by them in satisfying said franchise tax of said International Coal Mines Company, as above set out, and the payment made by said International Coal Mines Company to said Rio Grande Irrigation Company and to pay the accounts of said Oriental Oil Company, and said Black Diamond, all to

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

plaintiff's damage in the sum of one thousand seventeen and 86/100 ($1,017.86) dollars, for which amount the said Guinn is now liable to these plaintiffs."

J. D. Guinn answered by general denial, and especially denied that the claims set out in the petition were due and owing, and alleged that all the "claims that were legal liabilities had been satisfied, including those claimed to have been paid by said plaintiffs." The assignment and transfer referred to in the petition contained the following provision:

"As a part of the consideration for which said above mentioned sum of money ($100,000) is received and to be received by me, I guarantee that the said International Coal Mines Company, is free from all indebtedness save as to a few small claims aggregating approximately $1,000, a list of which is in the possession of the said Williams (attorney for James and Echols), and as to which such claims the said company is to take no action whatsoever until the lapse of said five months period, but is to leave the said Guinn free to settle same in a manner and on terms best to his advantage; and I agree to pay off and discharge and furnish the said James and Echols with written evidence of such payment and discharge of said claims within five months from this date or, failing so to do, to pay into the hands of said James and Echols for that purpose a sum of money equal to the aggregate of such of said claims as may then remain unsatisfied."

Guinn, by the terms of said assignment, also agreed "to defend or pay, or defend and pay, any and all claims of any kind or character against the International Coal Mines Company," or against the receivers of said company, which existed at the time of the assignment, except such as were incurred by James and Echols.

There was evidence that items in the first list set out in the petition aggregating $568.03 had been paid, which was excluded by the court. Guinn offered to prove that all of the items of this list except three or four, totalling about $51, had been paid and satisfied, and such items as had not been paid were not in fact existing claims against the company. The trial court excluded all of this evidence, holding that if the items were not paid during the five months' period mentioned in the contract, or if James and Echols were not furnished receipts showing payment, they were entitled to recover the amount of such items. None of the payments were made during the five months, and no receipts were furnished showing the payment of these items.

There was evidence showing that the company was required to pay the franchise tax item of $251.67, which was the first item in the second list set out in the petition, and the trial court directed a verdict in favor of James and Echols for the sum of $890.93, same being an amount equal to the aggregate of the amount of the items in said first list and said franchise tax item, and rendered judgment thereon, which was affirmed by the Court of Civil Appeals. 256 S. W. 325.

[1, 2] The purchase money for the stock in the company had been paid. The intention of the parties was that Guinn should pay all of the indebtedness of the company. In order to accomplish this purpose Guinn turned over to the attorney of James and Echols a list of items showing amounts and the parties to whom the company owed same. In his written agreement he guaranteed that the company owed no debts except those shown by these items, and agreed "to pay off and discharge, and furnish the said James and Echols with written evidence of such payment and discharge * * * within five months," and, if he failed to do this, he promised to pay to James and Echols a sum equal to the amount of all claims remaining unsatisfied for the purpose of paying such debts. By this agreement he promised to pay the company's debts, and it is for the failure to perform this promise that this suit was instituted. Even if Guinn did breach this agreement, the damages therefor must be measured by the amount of debts unsatisfied. If, after the breach he paid the debts, no damages were sustained by either James and Echols or the company. If these debts had been paid prior to the execution of this assignment, and by mistake included in the list furnished the attorney, Guinn would not be liable. Before James and Echols can recover, the burden is on them to show that at the time they purchased the stock the company owed debts, which Guinn promised to pay, and that the company is liable for, or has been required to pay them.

We think the trial court should have admitted the evidence of payment, and should not have given the peremptory instruction, and recommend that the judgment of both the Court of Civil Appeals and the district court be reversed, and the cause remanded to the district court.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.

We approve the holding of the Commission of Appeals on the question discussed in its opinion.